**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 06-4252**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSHUA LINCOLN NORRIS,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:05-cr-00079-TLW-2)

─────────────

Submitted: September 28, 2006          Decided: October 5, 2006

─────────────

Before NIEMEYER, TRAXLER, and SHEDD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Joshua Lincoln Norris pled guilty to two counts of violation of the Hobbs Act, 18 U.S.C. §§ 1951(a)(1), (2) (2000). The district court sentenced Norris to 185 months' imprisonment on each count, to be served concurrently, three years of supervised release, and ordered payment of restitution in the amount of $130 and a $200 statutory assessment.[*]  Norris' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court complied with the requirements of Fed. R. Crim. P. 11 in accepting Norris' plea, and challenging the reliance on a South Carolina burglary, third degree, conviction as a predicate offense supporting sentencing as a career offender.  Norris was given an opportunity to file a supplemental pro se brief, but has failed to do so.

Norris did not move in the district court to withdraw his guilty plea, therefore his challenge to the adequacy of the Rule 11 hearing is reviewed for plain error.  See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002).  We have carefully reviewed the transcript of the Rule 11 hearing and find no plain error in the district court's acceptance of Norris' guilty plea. See United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).

---

[*]The probation officer calculated a sentencing guideline range for Norris of 151 to 188 months' imprisonment founded on a total offense level of 29 and a criminal history category of VI.

In addition, we find no error in the district court's reliance on the burglary, third degree, conviction for determining career offender status, given that the indictment reflects that the subject building was a dwelling, and Norris did not object to the accuracy of the indictment. <u>See</u> <u>United States v. Thompson</u>, 421 F.3d 278, 285 (4th Cir. 2005).

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Norris' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>